# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

| | |
|---|---|
| **ALGEE JOHNSON**, an individual, | CIVIL ACTION |
| Plaintiff, | Case No. 2:21-cv-446 |
| v. | Judge: |
| **FLORIDA DEPARTMENT OF CHILDREN & FAMILIES**, | Mag. Judge: |
| Defendant. | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **ALGEE JOHNSON** ("**JOHNSON**"), by and through undersigned counsel, and states the following for her Complaint:

## CAUSES OF ACTION

1. This is an action brought under the Family & Medical Leave Act (FMLA) for (1) interference in violation of the FMLA, and (2) retaliation in violation of the FMLA.

## PARTIES

2. The Plaintiff, **ALGEE JOHNSON** ("**JOHNSON**") is an individual and a resident of Florida who at all material times resided in Lee County, Florida and was employed by **FLORIDA DEPARTMENT OF CHILDREN & FAMILIES** ("**DCF**" or "**Defendant**").

1

3. Defendant, **DCF** is a state agency that employed **JOHNSON** in Lee County, Florida.

4. **DCF** employs in excess of 50 employees and is an employer under the FMLA.

## JURISDICTION AND VENUE

5. This Court has jurisdiction of this matter under 28 U.S.C. §1331.

6. Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff resides in, and the Defendant conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Lee County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule 1.02(b)(5) since Lee County is within the Fort Myers Division.

## GENERAL ALLEGATIONS

7. **JOHNSON** began her employment with the Defendant in November 2009 and was last employed as a program administrator.

8. **JOHNSON** always performed her assigned duties in a professional manner and was very well qualified for her position.

9. In mid-May 2020, the Defendant provided **JOHNSON** with a solid performance review.

10. However, on June 1, 2020, **JOHNSON** required FMLA leave in order to care for her pregnant daughter whose pregnancy was high-risk, and then

required continuing FMLA leave to care for the child when born as **JOHNSON** was *in loco parentis*.

11.     Unbeknownst to **JOHNSON**, the Defendant actually replaced her a mere 3-days after she began her FMLA leave.

12.     While still on FMLA leave, the Defendant terminated **JOHNSON** on August 7, 2020.

13.     The Defendant terminated **JOHNSON** as a result of exercising her FMLA rights, which arise solely under the FMLA's family care provisions.

14.     The Defendant's tangible, adverse employment actions were causally connected to **JOHNSON**'s FMLA leave.

15.     The Defendant intentionally and systematically discriminated against **JOHNSON** by using her FMLA leave as a substantial or motivating factor in the Defendant's decision not to continue **JOHNSON**'s employment and terminating her.

16.     The Defendant's decision to terminate **JOHNSON**'s employment violated **JOHNSON**'s rights under the FMLA.

## COUNT I – VIOLATION OF THE FAMILY MEDICAL LEAVE ACT ("FMLA")- INTERFERENCE

17.     The Plaintiff hereby incorporates by reference Paragraphs 1-16 in this Count by reference as though fully set forth below.

18. **JOHNSON** qualified for FMLA leave under 29 U.S.C. § 2611(11); 29 CFR §§ 825.113(a); 825.800 since **JOHNSON** began suffering from a serious health condition, had worked for more than 1,250 hours in the previous 12 months, the FMLA defining a serious health condition as an illness, injury, impairment, or physical or mental condition that involves treatment by a health care provider.

19. **JOHNSON** informed the Defendant of her likely need for leave for his own serious health condition.

20. The Defendant was responsible for designating leave as FMLA-qualifying and for giving notice of the designation within five business days, absent extenuating circumstances, after it has enough information to make that determination, such as when it receives medical certification.

21. If the Defendant were to have decided that **JOHNSON**'s absence was not FMLA-qualifying, it must have notified her of this fact in the Designation Notice under 29 CFR § 825.300(d)(1).

22. The Defendant has never provided **JOHNSON** with any notice disqualifying her FMLA leave.

23. In fact, the Defendant should have determined that **JOHNSON** was eligible for leave under the FMLA and yet interfered with her rights by terminating her employment because of (a) her request for federally protected FMLA leave, and (b) her taking of that leave.

24. The Defendant knew, or should have known, that **JOHNSON** was exercising her rights under the FMLA and was aware of **JOHNSON**'s need for FMLA-protected absence.

25. **JOHNSON** complied with all of the notice and due diligence requirements of the FMLA.

26. The Defendant was obligated, but failed, to allow **JOHNSON** to take FMLA leave and to return **JOHNSON**, an employee who requested and took FMLA leave, to her former position or an equivalent position with the same pay, benefits, and working conditions when he tried to return to work under 29 U.S.C. § 2614(a)(1); 29 CFR § 825.215(a).

27. A causal connection exists between **JOHNSON**'s request for FMLA-protected leave and her termination from employment with the Defendant because the Defendant denied **JOHNSON** a benefit to which she was entitled under the FMLA.

28. As a result of the above-described violations of FMLA, **JOHNSON** has been damaged by the Defendant in the nature of lost wages, salary, employment benefits and other compensation and is therefore entitled to recover actual monetary losses, interest at the prevailing rate and liquidated damages.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, an award of damages for lost wages and benefits, prejudgment interest, and liquidated damages under 29 U.S.C. § 2617(a)(1)(A), reinstatement or such other

legal or equitable relief as may be appropriate, and an award of reasonable attorney's fees and costs as authorized under 29 U.S.C. § 2617(3), and any other such damages as this honorable Court deems just.

### COUNT II – VIOLATION OF THE FAMILY MEDICAL LEAVE ACT ("FMLA")- RETALIATION

29. The Plaintiff hereby incorporates by reference Paragraphs 1-16 in this Count by reference as though fully set forth below.

30. **JOHNSON** informed the Defendant of her likely need for leave for his own serious health condition.

31. **JOHNSON** qualified for FMLA leave under 29 U.S.C. § 2611(11); 29 CFR §§ 825.113(a); 825.800 since **JOHNSON** began suffering from a serious health condition, had worked for more than 1,250 hours in the previous 12 months, the FMLA defining a serious health condition as an illness, injury, impairment, or physical or mental condition that involves treatment by a health care provider.

32. The Defendant was responsible for designating leave as FMLA-qualifying and for giving notice of the designation within five business days, absent extenuating circumstances, after it has enough information to make that determination, such as when it receives medical certification.

33. If the Defendant were to have decided that **JOHNSON**'s absence was not FMLA-qualifying, it must have notified her of this fact in the Designation Notice under 29 CFR § 825.300(d)(1).

34. The Defendant has never provided **JOHNSON** with any notice disqualifying her FMLA leave.

35. In fact, the Defendant should have determined that **JOHNSON** was eligible for leave under the FMLA.

36. The Defendant knew, or should have known, that **JOHNSON** was exercising her rights under the FMLA and was aware of **JOHNSON**'s need for FMLA-protected absence.

37. **JOHNSON** complied with all of the notice and due diligence requirements of the FMLA.

38. **JOHNSON** engaged in activity protected by the FMLA when she (a) requested federally protected FMLA leave, and (b) took that leave.

39. A causal connection exists between **JOHNSON**'s request for FMLA-protected leave and her termination from employment with the Defendant because **JOHNSON** engaged in statutorily protected activity by requesting FMLA leave.

40. The Defendant retaliated by altering the terms and conditions of **JOHNSON**'s employment by terminating **JOHNSON**'s employment because she engaged in the statutorily protected activity of requesting FMLA leave, and taking FMLA leave.

41. The Defendant engaged in willful and intentional retaliation in violation of the FMLA by terminating **JOHNSON**'s employment because she engaged in activity protected by the FMLA.

42. As a result of the above-described violations of FMLA, **JOHNSON** has been damaged by the Defendant in the nature of lost wages, salary, employment benefits and other compensation and is therefore entitled to recover actual monetary losses, interest at the prevailing rate and liquidated damages.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, an award of damages for lost wages and benefits, prejudgment interest, and liquidated damages under 29 U.S.C. § 2617(a)(1)(A), reinstatement or such other legal or equitable relief as may be appropriate, and an award of reasonable attorney's fees and costs as authorized under 29 U.S.C. § 2617(3), and any other such damages as this honorable Court deems just.

## DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **ALGEE JOHNSON**, by and through his undersigned attorney, and demands a jury trial under Federal Rule of Civil Procedure 38 on all issues triable of right by a jury in this action.

Respectfully submitted,

Dated: June 7, 2021          **/s/ Benjamin H. Yormak**
Benjamin H. Yormak
Florida Bar Number 71272
Trial Counsel for Plaintiff
Yormak Employment & Disability Law

9990 Coconut Road
Bonita Springs, Florida 34135
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com